IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| OREGON TROLLERS ASSOCIATION, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) Civil No. 05-6165-TC<br>) |
| v. | ) ORDER<br>) |
| CARLOS M. GUTIERREZ, et al., | )<br>) |
| Defendants, | )<br>) |
| and | )<br>) |
| THE YUROK TRIBE, | )<br>) |
| Intervenor-Defendant. | )<br>) |

COFFIN, Magistrate Judge.

Plaintiffs have filed what they characterize as objections to my scheduling order, and seek review of that order by a district judge, arguing that the plain language of Fed.R.Civ.P. 72(a)

1 - ORDER

authorizes a party to seek such review of any non-dispositive order issued by a magistrate.

Plaintiffs, however, ignore Rule 73, which is the operative section dealing with cases in which the parties have executed consent to magistrate jurisdiction, as has occurred in this case. Rule 73(a) provides that upon such consent:

> [A] magistrate judge may exercise the authority provided by Title 28, U.S.C. § 636(c) and may conduct any or all proceedings, including a jury or nonjury trial, in a civil case.

28 U.S.C. § 636(c) provides nearly identical language:

> Upon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case[.]

Read in conjunction with Rule 73, it would be unreasonable to read Rule 72 as providing a mechanism by which a party could seek review of an order on a non-dispositive matter, such as a scheduling order. Such would be contrary to the plain language of Rule 73, which is the operative Rule in consent cases, and would have the paradoxical effect of providing greater review opportunities for an aggrieved party on non-dispositive issues than they could seek from an order dismissing a case. I note that the few courts that have published opinions on this question have read Rule 73, and § 636(c), to provide the magistrate judge with full jurisdiction in the case upon the parties' consent. See, e.g., Vitols v. Citizens Banking Co., 984 F.2d 168, 169 (6th Cir. 1993) ("If the parties consent to a reference under § 636(c)(1) and the district court so designates, a magistrate judge may exercise plenary jurisdiction."); see also Bennett v. General Caster Service, 976 F.2d 995, 999 n.9 (6th Cir. 1992). Additionally, I conducted an informal poll of the magistrate and district judges in this district. Of those judges that responded, the unanimous consensus was that when full consents are filed, the rules do not provide a mechanism through which a party can seek review of

2 - ORDER

any magistrate judge's decision by a district judge.

For all these reasons, I do not believe that plaintiff has the ability to seek a district judge's review of my scheduling order. Plaintiff's objections (#44) are construed as a motion to reconsider, and that motion is denied.

DATED this 17th day of August, 2005.

/s/ Thomas M. Coffin
Thomas M. Coffin
United States Magistrate Judge

3 - ORDER